CARDWELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,092.

PUBLIC LANDS—UNLAWFUL INCLOSURE—SUIT FOR ABATEMENT OF FENCES.

Act Feb. 25, 1885, c. 149, 23 Stat. 321 [U. S. Comp. St. 1901, p. 1524], making it unlawful to inclose public lands without claim of right thereto under the land laws, applies to the inclosure and appropriation to private use of such lands by fences built on other lands, and the government may maintain a suit thereunder to abate such fences.

Appeal from the District Court of the United States for the District of Montana.

Massena Bullard, for appellant.

Carl Rasch, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

136 F.—38

ROSS, Circuit Judge. On the 25th day of February, 1885, Congress passed an act entitled "An act to prevent unlawful occupancy of the public lands." Chapter 149, 23 Stat. 321 [U. S. Comp. St. 1901, p. 1524]. By its bill in the present case the government charged the appellant (defendant below) with the commission of certain acts forbidden by that statute, specifically describing the public lands which it alleged the defendant had unlawfully inclosed and over which it alleged he exercised exclusive and unlawful control. Issue having been taken by the defendant, proof was taken, and upon the evidence the court below found in favor of the government and against the defendant, and entered a decree accordingly.

The construction and proper application of the statute of 1885 was before the Supreme Court in the case of Camfield v. United States, 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260, and was by that tribunal carefully considered; the court saying, among other things:

"It needs no argument to show that the building of fences upon public lands with intent to inclose them for private use would be a mere trespass, and that such fences might be abated by the officers of the government or by the ordinary processes of courts of justice. To this extent no legislation was necessary to vindicate the rights of the government as a landed proprietor. But the evil of permitting persons who owned or controlled the alternate sections to inclose the entire tract, and thus to exclude or frighten off intending settlers, finally became so great that Congress passed the act of February 25, 1885, forbidding all inclosures of public lands, and authorizing the abatement of the fences. If the act be construed as applying only to fences actually erected upon public lands, it was manifestly unnecessary, since the government as an ordinary proprietor would have the right to prosecute for such a trespass. It is only by treating it as prohibiting all 'inclosures' of public lands, by whatever means, that the act becomes of any avail."

The doctrine of that case, applied to the evidence in the present one, satisfies us of its sufficiency to justify the conclusions reached by the court below.

The judgment is affirmed.